UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:25-cv-00466

———

**Phillip Lumar Lowe,**
*Plaintiff,*

v.

**Katumba Hadad,**
*Defendant.*

———

**O R D E R**

Plaintiff, a Texas Department of Criminal Justice prisoner proceeding pro se and in forma pauperis, sued defendant for alleged violations of his constitutional rights and for defamation. Doc. 4 at 4. The case was referred to a magistrate judge, who issued a report recommending that the case be dismissed for failure to state a claim upon which relief can be granted. Doc. 7 at 6. Plaintiff timely filed written objections. Doc. 10.

Thereafter, plaintiff filed a notice seeking to dismiss this lawsuit. Doc. 11. The notice was unsigned. *See id.* The magistrate judge issued a notice of deficiency and ordered plaintiff to sign and refile the notice within seven days. Doc. 12. Plaintiff did not do so. Instead, plaintiff filed a notice asking to reopen his case, a motion to appoint counsel, additional objections to the report and recommendation, and a request for a temporary restraining order. Docs. 14, 15, 16, 17. None of those documents corrected the deficiency in plaintiff's notice seeking dismissal; therefore, plaintiff has not dismissed his case under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th

- 1 -

Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

In his timely filed objections, plaintiff objects that his allegations are factual, that the incident placed stress on his family and caused him to miss educational opportunities, and that he must now live with the false but cleared conviction on his record. Docs. 10, 10-1. These objections largely repeat allegations in his complaint and fail to engage with the report's reasoning. Thus, these objections are without merit.

Plaintiff also objects that his crime is not comparable to tampering with a lock. Doc. 10 at 2. The report stated that plaintiff's aggravated-robbery conviction likely makes him "'libel-proof' . . . with regard to being accused of tampering with a lock." Doc. 7 at 5. But the report did not resolve that question and gave other independent reasons for recommending that the court decline to exercise supplemental jurisdiction over any state-law claim for defamation. *See id.* at 5–6. Therefore, even if plaintiff's objection is correct, he fails to show why the court should exercise supplemental jurisdiction over any state-law claim for defamation.

Last, plaintiff objects that defendant is not immune and may have falsified citizenship documents. Doc. 10-1 at 2. Defendant's immunity from suit and his citizenship status are not at issue in the report. Those objections lack merit.

Even if plaintiff's second response to the report (Doc. 16) were timely, it provides no grounds for rejecting the report's findings or recommendations. Plaintiff's amended complaint alleges that he was falsely charged and convicted of a prison disciplinary

offense that was later overturned. Doc. 4 at 3–4. The report explained why these allegations failed to state a claim upon which relief can be granted. *See generally* Doc. 7. Plaintiff's second response to the report alleges that he is suffering from various physical conditions and injuries, appears to complain about who is serving him food, and repeats his allegations against defendant. Doc. 16; *see also* Doc. 17 (repeating allegations). None of that engages with the report's reasoning, much less identifies the specific findings to which plaintiff objects. Therefore, insofar as plaintiff's second response to the report states objections to the report, those objections are overruled as improper.

Having reviewed the magistrate judge's report de novo and being satisfied that there is no error, the court overrules plaintiff's objections and accepts the report's findings and recommendations. All federal claims are dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A(b), 1915(e)(2). To the extent that plaintiff asserted any state-law claims, those claims are dismissed without prejudice as to plaintiff's ability to pursue those claims in state court. Any pending motions are denied as moot.

*So ordered by the court on March 12, 2026.*

J. CAMPBELL BARKER
United States District Judge